■■■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS TOLLEY, Appellant. [673 NYS2d 941] —Appeal by the defendant from a judgment of the County Court, Nassau County (Honorof, J.), rendered May 19, 1997, convicting him of criminal possession of a controlled substance in the second degree, criminal possession of a controlled substance in the third degree, and criminally using drug paraphernalia in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the prosecutor's use of a pre-trial statement made by the defendant to a police officer without serving notice of the statement pursuant to CPL 710.30 constituted reversible error. However, this contention is unpreserved for appellate review (*see,* CPL 470.05 [2]; *People v Bynum,* 70 NY2d 858; *People v Udzinski,* 146 AD2d 245, 250). Upon the defense counsel's objection, the statement was stricken from the record by the County Court, with a curative instruction to the jury, and the defense counsel failed to move for a mistrial. In addition, the defendant's challenges to the propriety of the County Court's jury instruction on this issue were not raised at trial, rendering them unpreserved for appellate review.

The County Court correctly struck the testimony of a defense witness who invoked his Fifth Amendment privilege against self-incrimination as to issues relating to the identity of the person who possessed the drugs in question. Such testimony was of limited probative value and would have created the "very real danger" that the jury would speculate that the witness, and not the defendant, committed the offenses charged (*see, People v Thomas,* 51 NY2d 466, 472; *People v Sapia,* 41 NY2d 160, 163-164, *cert denied* 434 US 823). Mangano, P. J., Bracken, Krausman and McGinity, JJ., concur.